## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHABANI STEWART, for herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff, | **CIVIL CLASS ACTION** |
| -against- | **COMPLAINT AND JURY DEMAND** |
| EARLY WARNING SERVICES, LLC, | |
| Defendant. | |

Plaintiff alleges:

### NATURE OF THIS ACTION

1.      Defendant violated the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.*

### JURISDICTION AND VENUE

2.      Plaintiff is a natural person and resident of this judicial district.

3.      Defendant regularly engages in business in the state of New Jersey.

4.      Defendant caused harm to Plaintiff in New Jersey as alleged more fully below.

5.      The Court has subject matter jurisdiction under 28 U.S.C. § 1331; 15 U.S.C. §1681p; and 28 U.S.C. §§ 2201-2.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

7.      Plaintiff is a natural person and a resident of Patterson, New Jersey.

8.      Early Warning Services, LLC, ("EWS") is a limited liability company organized under the laws of Delaware with a principal place of business in Scottsdale, Arizona.

9.   EWS is a "consumer reporting agency" as defined under 15 U.S.C. §1681(f) of the FCRA.

## FACTS AS TO NAMED PLAINTIFF

10.   In or around March 2016, Plaintiff called EWS for the purpose of obtaining a copy of EWS's file on her, commonly referred to as a, "credit report."

11.   Plaintiff spoke to a representative from EWS who purported to assist her to request a copy of her EWS credit report.

12.   Plaintiff submitted a request for a copy of her EWS credit report, in a manner consistent with the instructions EWS provided to her by phone.

13.   On or about March 22, 2016, EWS purported to respond to Plaintiff's request.

14.   EWS did not provide plaintiff a copy of all the information in its file concerning Plaintiff, but rather, only a "summary" report on Plaintiff.

15.   Upon information and belief, the "summary" EWS provided Plaintiff omitted certain information concerning Plaintiff which EWS had in its files.

16.   In or about May 2017, Plaintiff again requested the contents of her file, maintained by EWS.

17.   Plaintiff submitted her request to EWS on its standard form for requesting the contents of a consumer's file.

18.   Above Plaintiff's signature on the form, the following text appears: "Pursuant to the Fair Credit Reporting Act and other applicable laws, I request that Early Warning provide to me a copy of the information in its files pertaining to me as specified in this Form."

19.   Plaintiff submitted the form, together with proof of her identification.

20.   Plaintiff submitted the request form, and proof of identification, through EWS's internet portal, as EWS instructs on its website.

21. Plaintiff wanted to see the complete contents of her file to understand all information EWS had on her, and to see who had obtained copies of her EWS report.

22. EWS did not comply with Plaintiff's request.

23. In response to Plaintiff's request, EWS did not send Plaintiff the complete contents of its file on her, but rather, only a "summary" of its file on Plaintiff.

24. EWS's summary disclosure directed Plaintiff to call EWS's toll free number for the full content of her file. Plaintiff, as set forth above, had already called EWS's number in attempting to obtain her credit report. Moreover, EWS's toll free number answers with an automated message directing consumers to request the contents of their file from EWS's website, as Plaintiff had already done.

25. EWS's summary disclosure to Plaintiff omits information in EWS's file on Plaintiff. For example, EWS's summary disclosure does not indicate who has requested and obtained a copy of Plaintiff's EWS report in the preceding 12 months.

26. Plaintiff's inability to obtain the complete contents of her EWS file hampered her ability to understand what EWS was reporting on her, and to whom.

27. Banks routinely obtain and review records on consumers from EWS in determining whether to permit a consumer to open a checking account.

28. EWS maintains, and shares with banks, records of consumers who have used previous checking accounts in an unauthorized manner.

29. Plaintiff's EWS file contained such derogatory information concerning her.

30. Plaintiff was denied the ability to open one or more checking accounts around the timeframe she requested her EWS file, including in April 2017 and previously in October 2015.

31.    Plaintiff's inability to obtain her complete EWS file prevented her from obtaining a full disclosure of which banks had obtained her EWS report and any derogatory information contained therein.

## CLASS ACTION ALLEGATIONS

32.    This action is brought by Plaintiff for herself and the following class:

All natural persons in the United States, who, in the two years preceding the filing of this action and through the date of certification, requested the contents of their file from EWS, where in response thereto, EWS failed to provide the complete contents of its file on such consumer.  Excluded from the class are all persons for whom EWS had a record of a match in the Internal Fraud Prevention Service.

33.    Plaintiff preserves the right to amend the class definition, or seek certification of alternative classes or sub-classes.

34.    The class meets the requirements of Fed. R. Civ. P. 23 to maintain a class action.  Named Plaintiff is adequate to represent the class alleged herein, and has retained competent counsel to do so.

35.    **Numerosity**.   Upon information and belief, joinder of class claims is impossible or impractical.  EWS operates on a mass scale maintaining files on millions of people in the United States, making it highly likely the putative class includes thousands of individuals.

36.    **Ascertainable**.  The class is ascertainable.  EWS maintains records of all requests for files it maintains on consumers, the dates of such requests, their contents, and its responses to such requests.

37.    **Typicality**.  Named Plaintiff's claims are typical of those of class members.  Plaintiff's claims and class members' claims are all asserted under 15 USC § 1681g(a), alleging

EWS's failure to provide, upon request, the complete contents of its files on such consumers.

38.   **Predominance**.   Common questions of law and fact arise with respect to all class members, and predominate the class action.  These question include whether EWS violated the FCRA by failing to provide class members, upon their request, the contents of their files maintained by EWS, and whether any violations of the FCRA committed by EWS were committed willfully.

39.   **Superiority**.  A class action is a superior method of adjudicating the claims brought by the class.  Many class members are unaware of the violations of law perpetrated against them, and statutory and actual damages to which class members are entitled are such that retaining counsel and litigating claims individually would prove overly burdensome on parties, counsel and the courts.  Moreover, individual actions litigating the claims alleged herein could lead to inconsistent results

## COUNT I
## FAILURE TO PROVIDE CONTENTS OF FILE, 15 U.S.C. § 1681g(a)
## CLASS CLAIM AGAINST EWS

40.   All preceding paragraphs are re-alleged.

41.   The FCRA, pursuant to 15 USC § 1681g(a), requires a consumer reporting agency, such as EWS, to provide to any consumer, upon request, the complete contents of its file on that consumer.

42.   Plaintiff requested from EWS the contents of its file on her.

43.   EWS's failed to provide, in response to Plaintiff's request, the complete contents of its file on Plaintiff.

44.    To date, Plaintiff has yet to receive the complete contents of her file maintained by EWS, despite repeated requests.

45.    EWS violated Plaintiff's rights under section 1681g(a) of the FCRA.

46.    As a consequence thereof, EWS deprived Plaintiff of information to which she was entitled, and caused Plaintiff harm, giving rise to this case and controversy.

47.    Each member of the class alleged more fully above requested the contents of his or her file from EWS.

48.    EWS failed to provide, in response to each such request, the complete contents of its file maintained on each such consumer.

49.    EWS violated class members' rights under section 1681g(a) of the FCRA to obtain, upon request, the complete contents of their file maintained by EWS.

50.    EWS's violations of the FCRA alleged herein were committed willfully, or with reckless disregard to the law.

51.    EWS's failure to disclose to Plaintiff and class members the complete contents of their files, upon request, is inexplicable.  EWS's conduct violates the explicit requirements of section 1681g(a) of the FCRA.

52.    EWS is well aware of its obligation under the FCRA to provide any consumer the complete contents of his or her file upon request.  EWS's standard request form, which Plaintiff filled out and provided to EWS in this case, refers to this obligation, and EWS further prominently states on its website that consumers can obtain their EWS credit reports upon request.

53.    As to named Plaintiff and each member of the class alleged more fully above, EWS violated section 1681g(a) of the FCRA, for which it is liable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and the Class Members pray for relief as follows:

(a)    An order certifying the proposed classes herein alleged under Federal Rule of Civil

Procedure 23 and appointing Plaintiff and her undersigned counsel to represent same;

(b)    Statutory damages pursuant to 15 U.S.C. § 1681n;

(c)    Punitive damages;

(d)    Attorneys' fees, expenses and costs of this action;

(e)    A declaration that Defendants' conduct complained of herein is unlawful, and equitable

relief sufficient to remedy the same;

(f)    The creation of a common fund available to provide notice of and remedy Defendant's

unlawful conduct;

(g)    Interest as allowed by law; and

(h)    All such further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.


Dated: March 6, 2018
       New York, New York


                              **POSNER LAW PLLC**

                              *s/ Gabriel Posner, Esq.*
                              NJ Bar ID 137312015
                              270 Madison Avenue, Suite 1203
                              New York, New York 10016
                              Phone: (646) 546-5022
                              Email: gabe@PosnerLawPLLC.com
                              *Counsel for Plaintiff*

## **LOCAL RULE 11.2 CERTIFICATION**

I, Gabriel Posner, Esq. hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 6, 2018

*s/ Gabriel Posner, Esq.*