UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHABANI STEWART, for herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EARLY WARNING SERVICES, LLC<br><br>Defendant. | Civil Case No. 2:18-cv-03277-CCC-SCM<br><br>**UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**MOTION DATE: January 21, 2020**<br><br>**Documents Submitted Herewith:**<br>• Proposed Order<br>• Class Action Settlement Agreement<br>• Memorandum of Law<br>• Affirmation of Counsel |

PLEASE TAKE NOTICE, Plaintiff Shabani Stewart, makes this unopposed motion, before the Honorable Court, as of the motion date set forth above, to enter the **proposed order** submitted herewith, which shall:

(a) Grant preliminary approval of the class action Settlement Agreement submitted herewith;

(b) Certify the following two conditional settlement classes under Federal Rule of Civil Procedure 23:

The (b)(2) Class, defined as: all natural persons residing in the United States who, from March 7, 2016 through the date of Preliminary Approval, requested from EWS the contents of their file maintained by EWS, where in response thereto, EWS provided to such consumer a "Summary File Disclosure." Excluded from the Stewart (b)(2) Settlement Class are individuals (a) who have previously released his or her claims against EWS, (b) who had a record of a match in the Internal Fraud Prevention Service and (c) the Judge overseeing the Litigation.

The (b)(3) Class, defined as: all natural persons residing in the United States who, from March 7, 2016 through the date of Preliminary Approval, requested from EWS the

1

contents of his or her file maintained by EWS, where EWS had, in such consumer's file, at least one Fraud Record, where EWS in response to such request, provided a file disclosure to such consumer but where such file disclosure did not use the term "fraud." Excluded from the Stewart (b)(3) Settlement Class are individuals (a) who have previously released his or her claims against EWS, (b) who had a record of a match in the Internal Fraud Prevention Service and (c) the Judge overseeing the Litigation.

(c) Approve the proposed plan to provide notice of the Settlement Agreement to class members;

(d) Set deadlines for class members to object, or where applicable opt-out, and schedule a hearing for final approval of the Settlement Agreement;

(e) Appoint Plaintiff Shabani Stewart to represent the settlement classes described above;

(f) Appoint Gabriel Posner of Posner Law PLLC as counsel to represent the settlement classes described above; and

(g) Appoint JND Legal Administrator to perform the duties of the class administrator set forth in the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE, this motion is unopposed by Defendant Early Warning Services, LLC ("EWS").

PLEASE TAKE FURTHER NOTICE, pursuant to the Parties' Settlement Agreement, and as set forth more fully in the record heretofore had in this matter, and in the accompanying Memorandum of Law and declaration of Counsel submitted herewith, the Court is duly advised:

1. Plaintiff filed this putative class action lawsuit pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), alleging that EWS violated 15 USC § 1681g by failing to clearly and accurately disclose to consumers, upon request, the complete contents of consumer files maintained by EWS.

2. EWS denies all liability, and consents to settlement, this motion, and all papers in support thereof solely for purposes of settling this action, and to avoid the expense, uncertainty, and

inconveniences of litigation.

3. The elements of **Rule 23(a)** of the Federal Rules of Civil Procedure are satisfied:

    a. Rule 23(a)(1) ("numerosity"): The classes are numerous. There are approximately **178,739** consumers who meet the definition of the (b)(2) Class, and approximately **53,213** consumers who meet the definition of the (b)(3) Class. The classes overlap, in that approximately 51,788 consumers are members of both the (b)(2) Class and the (b)(3) Class.

    b. Rule 23(a)(2) ("commonality"): Plaintiff's claims, and those of members of each of the classes, involve common issues of fact and law, specifically EWS's standard processes and procedures for responding to consumer requests for file disclosures.

    c. Rule 23(a)(3) ("typicality"): Plaintiff's claims are typical of class member claims, in that Plaintiff's claims assert the same violations of the FCRA as would any class member and seeks statutory damages and equitable relief under the FCRA arising therefrom.

    d. Rule 23(a)(4) ("adequacy"): Plaintiff is adequate to represent each of the classes, and has retained competent and experienced counsel to do so.

4. The classes are ascertainable. The individual class members have already been identified by EWS through a review of its business records.

5. The Parties are aware of no individualized issues which might otherwise prevent certification of the classes.

6. Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the classes. Plaintiff has retained counsel experienced in handling actions under the FCRA, class actions, and other complex litigation. Neither Plaintiff nor Plaintiff's counsel has any interests in conflict with their representing the classes set forth above.

7. **The elements of Rule 23(b)** of the Federal Rules of Civil Procedure are satisfied.

8. With respect to the proposed (b)(2) Class, the parties seek certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, on grounds the Settlement Agreement provides final injunctive relief that is appropriate respecting the class as a whole.  As part of the Settlement Agreement, EWS has undertaken a change to its processes and procedures for the disclosure of consumer files upon the consumer's request.

9. With respect to the (b)(3) Class, the Parties seek certification pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, on grounds questions of fact and law predominate over any question affecting individual class members, and on grounds a class action is a superior means to fairly and efficiently adjudicate this controversy.  Members of the (b)(3) Class (who do not opt out) will automatically receive cash payment equal to their pro rata share of a settlement fund.

10. **The elements of Rule 23(e)(1)** of the Federal Rules of Civil Procedure are satisfied.  The Court "will likely be able" to grant final approval to the settlement and certify the classes for purposes of settlement:

    a. Named Plaintiff Shabani Stewart, and proposed class counsel Gabriel Posner, have adequately represented the classes, and will continue to do so;

    b. The Settlement Agreement was negotiated at arm's length, under the auspices of an experienced neutral mediator, Hon. Diane M. Welsh, USMJ (Ret.), following discovery and more than a year of litigation;

    c. The relief provided for the classes is adequate.  The Settlement Agreement provides for corrective disclosure to consumers (through notice of this settlement); aggregate contribution by EWS of $4.25 million to cover settlement administration costs, attorney fees, and damages payouts to members of the (b)(3) Class; and changes to EWS's standard processes and procedures for consumer disclosures under the FCRA.

    d. Finally, all members of each class are treated equitably relative to each other.

Members of the (b)(2) Class receive identical injunctive relief, and members of the (b)(3) Class receive identical cash payouts and injunctive relief.

WHEREFORE, upon the instant notice of motion, the memorandum of law submitted in support thereof, the declaration of counsel in support of same, and upon all papers heretofore had in this action, Plaintiff, MOVES THE COURT to enter the proposed order submitted herewith.

Dated: December 19, 2020

**POSNER LAW PLLC**

*s/ Gabriel Posner, Esq.*
NJ Bar ID 137312015
270 Madison Avenue, Suite 1203
New York, New York 10016
Phone: (646) 546-5022
gabe@PosnerLawPLLC.com
*Counsel for Plaintiff and
Proposed Class Counsel*