# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHABANI STEWART, for herself and all others similarly situated, | Civil Case No. 2:18-cv-03277-CCC-SCM |
| Plaintiffs, | **PRELIMINARY APPROVAL ORDER** |
| v. | |
| EARLY WARNING SERVICES, LLC | |
| Defendant. | |

The Court, having considered the unopposed motion submitted in this matter for preliminary approval for a class action settlement, hereby grants preliminary approval to the Class Settlement Agreement (the "Settlement Agreement") between Plaintiff, Shabani Stewart, individually, and as representative of the "(b)(2) Class" and as representative of the "(b)(3) Class" defined below (together, the "Settlement Classes"), and Defendant Early Warning Services, LLC ("EWS");

**WHEREFORE**, with respect to preliminary certification of this action as a class action for settlement purposes the Court finds:

    A.    Each of the Settlement Classes is so numerous that joinder of all members is impracticable;

    B.    There are questions of law and fact common to each of the proposed Settlement Classes;

    C.    The individual claims of Plaintiff are typical of the claims of the Settlement Classes;

    D.    Plaintiff is an appropriate and adequate representative for each of the Settlement Classes;

-2-

E. With respect to the (b)(2) Class defined below, the Defendant opposing the class has acted or refused to act on grounds that apply generally to the (b)(2) Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the (b)(2) Class as a whole;

F. With respect to the (b)(3) Class defined below:

  1) the questions of law and fact common to the (b)(3) Class predominate over any questions affecting only individual members;

  2) A class action is superior to other methods for fairly and efficiently settling the claims of the members of the (b)(3) Class;

G. With respect to the appointment of Settlement Class Counsel under Fed. R. Civ. P. 23(g) to represent each of the Settlement Classes, the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiffs' counsel, Gabriel Posner of Posner Law PLLC, has fairly and adequately represented the interests of the Settlement Classes and will continue to do so;

H. With respect to the proposed Settlement Agreement, after consideration of the Settlement Agreement submitted with the instant Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate;

I. The Court finds, as required by FRCP 23(e)(1), that for purposes of preliminary approval of the Settlement Agreement, "it will likely be able to" grant final approval to the Settlement Agreement under FRCP 23(e)(2), subject to a final hearing.

**WHEREFORE, IT IS HEREBY ORDERED:**

1.  Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a class action and for purposes of settlement, certifies the, "(b)(2) Class" and "(b)(3) Class" as defined below in accordance with Fed. R. Civ. P. 23(c)(1)(B):

    (a) The "(b)(2) Class" is defined as follows:

    all natural persons residing in the United States who, from March 7, 2016 through the date of Preliminary Approval, requested from EWS the contents of their file maintained by EWS, where in response thereto, EWS provided to such consumer a "Summary File Disclosure." Excluded from the (b)(2) Settlement Class are individuals (a) who have previously released his or her claims against EWS, (b) who had a record of a match in the Internal Fraud Prevention Service and (c) the Judge overseeing the Litigation.

    (b) The "(b)(3) Class" is defined as follows:

    all natural persons residing in the United States who, from March 7, 2016 through the date of Preliminary Approval, requested from EWS the contents of his or her file maintained by EWS, where EWS had, in such consumer's file, at least one Fraud Record, where EWS in response to such request, provided a file disclosure to such consumer but where such file disclosure did not use the term "fraud." Excluded from the (b)(3) Settlement Class are individuals (a) who have previously released his or her claims against EWS, (b) who had a record of a match in the Internal Fraud Prevention Service and (c) the Judge overseeing the Litigation.

    (c) Plaintiff Shabani Stewart is appointed as the Class Representative of each of the Settlement Classes;

    (d) Plaintiffs' counsel, Gabriel Posner of Posner Law PLLC, is appointed as Class Counsel for each for the Settlement Classes; and

    (e) JND Legal Administration is appointed as the Settlement Administrator to administer notice to the Settlement Classes and to administer the settlement.

2.  The Court approves the Parties' proposed plan of notice to members of the Settlement Classes as set forth in the Settlement Agreement. Defendant shall provide the Settlement Administrator with class lists within **10 days** hereof. The Parties, through counsel,

shall cause such notice to be effectuated, by email and by U.S. Mail as set forth in the Settlement Agreement, on or before **Monday, March 23, 2020** (30 days from the date of this Order). The Parties, through counsel, will have the notice sent by email for those members of the Settlement Classes for whom the Parties have a record of an email address, and for remaining members of the Settlement Classes notice shall be sent by U.S. Mail, in accordance with the terms of the Settlement Agreement, providing forwarding addresses.

3. The Court finds that emailing and mailing of the Class Notice, and the Parties' notice plan as set forth in the Settlement Agreement, is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

4. Members of the (b)(3) Class shall have 60 days after the date of the Class Notice to opt out of the (b)(3) Class. To be valid, the proposed Settlement Class Member's opt-out request must contain the proposed Settlement Class Member's name, original signature, current postal address, and current telephone number, and a statement that the proposed Settlement Class Member wants to be excluded from the Settlement Class.

5. The (b)(2) Class is certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, which does not provide a right to opt out.

6. Any members of the Settlement Classes who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the District of New Jersey, no later than 60 days after the Notice Date, and serve copies of the objection by first class mail to the Settlement Administrator. All objections must be in writing and personally signed by the Settlement Class Member and include: (a) the objecting Settlement Class Member's name, address, and telephone number; (b) the name of this Litigation and the case number; (c) a statement of each objection; and (d) a written statement detailing the specific basis for each objection,

including any legal and factual support that the objecting Settlement Class Member wishes to bring to the Court's attention and any evidence the objecting Settlement Class Member wishes to introduce in support of the objection.

7. If the Settlement Class Member's objection is submitted through an attorney, the objection must contain, in addition to the information set forth in paragraph 6 above: (a) the identity and number of the Settlement Class Members represented by objector's counsel; (b) the number of such represented Settlement Class Members who have opted out of the Class; and (c) the number of such represented Settlement Class Members who have remained in the Settlement Class and have not objected. Furthermore, if the objector's counsel will ask to be awarded attorneys' fees or expenses from a source other than his or her client, not later than 20 days before the Final Fairness Hearing, the objector's counsel must provide a document containing the following: (a) a description of the attorney's legal background and prior experience in connection with class action litigation, including all the previous cases in which the attorney has represented an objector to a class action settlement; (b) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (c) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (d) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (e) the attorney's hourly rate.

8. Plaintiff's motion for any attorney fees and any individual award to named Plaintiff shall be filed within 30 days of the Notice Date.

9. A final hearing on the fairness and reasonableness of the Settlement Agreement and whether final approval shall be given to it and the requests for fees and expenses by Class Counsel and an incentive award to Plaintiff Shabani Stewart will be held on **Monday, June 22, 2020**, at **10:00 a.m.** (approximately 120 days from the date of this Order). Not more than

20 days prior thereto, Plaintiff shall file any motion seeking final approval of the Settlement Agreement.

**IT IS SO ORDERED:**

Dated: February 21, 2020

_____
CLAIRE C. CECCHI, U.S.D.J.