# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHABANI STEWART, for herself and all others similarly situated,<br><br>                              Plaintiffs,<br><br>v.<br><br>EARLY WARNING SERVICES, LLC<br><br>                              Defendant. | Civil Case No. 2:18-cv-03277-CCC-SCM<br><br>**[PROPOSED]**<br>**FINAL APPROVAL ORDER** |

Upon consideration of the Motion for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, Shabani Stewart ("Plaintiff"), individually, and as representative of the classes of persons defined below in the "(b)(2) Class" and the "(b)(3) Class" (together, the "Settlement Classes"), and Defendant, Early Warning Services, LLC ("EWS") the Court orders and finds as follows:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class members, and EWS.

2. The "(b)(2) Class" is a Settlement Class certified pursuant to Fed. R. Civ. P. 23(b)(2) and defined as follows:

   all natural persons residing in the United States who, from March 7, 2016 through the date of Preliminary Approval, requested from EWS the contents of their file maintained by EWS, where in response thereto, EWS provided to such consumer a "Summary File Disclosure." Excluded from the (b)(2) Settlement Class are individuals (a) who have previously released his or her claims against EWS, (b) who had a record of a match in the Internal Fraud Prevention Service and (c) the Judge overseeing the Litigation.

3. The "(b)(3) Class" is a Settlement Class certified pursuant to Fed. R. Civ. P. 23(b)(3) and defined as follows:

        all natural persons residing in the United States who, from March 7, 2016 through the date of Preliminary Approval, requested from EWS the contents of his or her file maintained by EWS, where EWS had, in such consumer's file, at least one Fraud Record, where EWS in response to such request, provided a file disclosure to such consumer but where such file disclosure did not use the term "fraud." Excluded from the (b)(3) Settlement Class are individuals (a) who have previously released his or her claims against EWS, (b) who had a record of a match in the Internal Fraud Prevention Service and (c) the Judge overseeing the Litigation.

4. This action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). Specifically, the Court finds: (A) the Settlement Classes as defined are sufficiently numerous such that joinder is impracticable; (B) the claim of Plaintiff is typical of the Settlement Class members' claims; (C) Plaintiff is an appropriate and adequate representative for the Class and (D) Plaintiff's counsel, Gabriel Posner, of Posner Law PLLC, is hereby appointed as Class Counsel for each of the Settlement Classes. With respect to the (b)(2) Class, Defendant has acted, or failed to act, on grounds that apply generally to the (b)(2) Class, making appropriate final declaratory or injunctive relief applying to the (b)(2) Class as a whole. With respect to the (b)(3) Class, common questions of law and fact predominate over any questions affecting only individual (b)(3) Class members' claims, specifically whether or not Defendant EWS violated the Fair Credit Reporting Act, 15 U.S.C.§ 1681, *et seq*. by failing to provide, upon a consumer's request, the complete and accurate contents of all information in the consumer's file relating to Shared Fraud records. Additionally, with respect to the (b)(3) Class, a class action is the superior method for the fair and efficient adjudication of the claims of the (b)(3) Class members.

5. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed by JND Legal Administration, the third-party settlement administrator for this action, that

- Email notice was sent to approximately **123,628** members of the (b)(2) Class. Of these, the Settlement Administrator learned **9,559** such emails were undeliverable. For **all 9,559** cases of such undeliverable emails, the Settlement Administrator proceeded to mail notice by postcard, via US Mail, in **all 9,559** instances.

- Postcard notice was sent to approximately **64,644** members of the (b)(2) Class. Of these, **23,450** were returned by the United States Postal Service, of which **5,444** were re-mailed.

- Email notice was sent to approximately **38,909** members of the (b)(3) Class. Of these, the Settlement Administrator learned **2,833** such emails were undeliverable. For **all 2,833** cases of such undeliverable emails, the Settlement Administrator proceeded to mail notice by US Mail in all **2,833** instances.

- Notice by U.S. Mail was sent to approximately **17,137** members of the (b)(3) Class. Of these, **6,814** were returned by the United States Postal Service, of which **1,366** were re-mailed.

- **25** members of the (b)(3) Class requested exclusion.

- The Court has considered, and the Court overrules, all objections to the Settlement Agreement.

- A total of **53,188** (b)(3) Class members are entitled to a share of the monetary benefits of the settlement. The Settlement Agreement provides no monetary benefits to (b)(2) Class members.

6. On **June 22, 2020**, the Court held a fairness hearing to which Settlement Class members, including any with objections, were invited. Excluded from the (b)(3)

Settlement Class are those persons, identified in <u>Exhibit A</u> hereto, who timely and validly requested exclusion.

7. The Court finds that provisions for notice to the class satisfy the requirements due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

8. The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Settlement Agreement submitted by the Parties, including the Release and payments by EWS.

9. Within 10 days of the Effective Date, as that term is defined in the Settlement Agreement, EWS shall make the payments required by Sections 5.1.4 and 6.1.4 of the Agreement:

10. The Court approves the following awards, costs, or fees, to be taken out of the (b)(2) Settlement Fund:

    (a) **$185,000** in attorney fees, for work performed on behalf of the (b)(2) Class;

    (b) **$3,750** incentive award to named Plaintiff, Shabani Stewart, for representing the (b)(2) Class;

    (c) **$76,807.95** in payment to the Settlement Administrator for work performed on behalf of the (b)(2) Class.

11. The Court approves the following awards, costs, or fees, to be taken out of the (b)(3) Settlement Fund:

    (a) **$740,000** in attorney fees, for work performed on behalf of the (b)(3) Class;

    (b) **$3,750** incentive award to named Plaintiff, Shabani Stewart, for representing the (b)(3) Class;

    (c) **$105,377.75** in payment to the Settlement Administrator for work performed on behalf of the (b)(3) Class.

12. Within 21 days of the Effective Date, as that term is defined in the Settlement Agreement, the Settlement Administrator shall make payment of the attorney fees approved herein to class counsel, and of any incentive award approved herein to named Plaintiff Shabani Stewart.

13. Following payments set forth above, the Settlement Administrator shall, within 21 days of the Effective date, distribute to all members of the (b)(3) Class who did not opt out of the (b)(3) settlement, their *pro rata* share of the remaining funds in the (b)(3) Settlement Fund.

14. Checks issued to Claimants will be void sixty (90) days from the date of issuance.

15. Any unclaimed funds in the settlement funds created pursuant to the Settlement Agreement, including any checks that have not been cashed by the void date, will also be treated as excess funds, which the Settlement Administration shall distribute as a *cy pres* award to the National Endowment for Financial Education, a non-profit corporation located at 1331 17th Street, Suite 1200, Denver, CO 80202.

16. Upon the Effective Date, as that term is defined in the Settlement Agreement:

    (a) All members of the (b)(2) Class fully, finally, and forever settle, release and discharge the Released Parties from the (b)(2) Class Released Claims.

    "Released Parties" means each of EWS and its present, former, and future officers, directors, partners, employees, agents, contractors, suppliers, furnishers, attorneys, servants, heirs, administrators, executors, members, member entities, shareholders, predecessors, successors, affiliates, subsidiaries, parents, representatives, trustees, principals, insurers, vendors and assigns, regardless of the legal theory by which that person could be asserted to be liable for any Released Claim.

    "(b)(2) Class Released Claims" means any and all Claims, Liabilities, Proceedings, and Relief under (i) 15 U.S.C. §1681n for willful violation of the 15 U.S.C 1681g or any claims based upon or related to the content, form, manner or nature of consumer disclosures provided to the (b)(2) Class Member in response to his or her request to EWS for the contents of his or her file or (ii) any FCRA State Equivalent requirements regardless of whether such FCRA-Equivalent utilizes the term

        "willful" for violation of the FCRA State Equivalent to 15 U.S.C 1681g or related to or based upon to the content, form, manner or nature of consumer disclosures provided to the (b)(2) Class Member in response to his or her request to EWS for the contents of his or her file.  The (b)(2) Class Members do not release and discharge, but instead preserve, the right of a (b)(2) Class Member to file an individual lawsuit under either 15 U.S.C. § 1681o or an FCRA-Equivalent for actual damages for an alleged violation of 15 U.S.C. § 1681g.

(b) All members all members of the (b)(3) Class who did not exclude themselves, fully, finally, and forever settle, release, and discharge the Released Parties from the (b)(3) Class Released Claims.

        "Released Parties" means each of EWS and its present, former, and future officers, directors, partners, employees, agents, contractors, suppliers, furnishers, attorneys, servants, heirs, administrators, executors, members, member entities, shareholders, predecessors, successors, affiliates, subsidiaries, parents, representatives, trustees, principals, insurers, vendors and assigns, regardless of the legal theory by which that person could be asserted to be liable for any Released Claim.

        "(b)(3) Class Released Claims" means: fully, finally, completely, and forever release and discharge the Released Persons from any and all Claims, Liabilities, Proceedings, and Relief that arose on or before the Effective Date and that any (b)(3) Class Member ever had, now has, or may have in the future which: are based upon or related to the content, form, manner or nature of the consumer disclosure provided to the (b)(3) Class Member in response to his or her request to EWS for the contents of the his or her file; or arise under 15 U.S.C. § 1681g or any FCRA State Equivalent.

(c) The Settlement Agreement will bind every (b)(2) Class Member, and the Settlement Agreement will bind every (b)(3) Class Member who did not exclude themselves from the Agreement.

(d) The Litigation shall be dismissed with prejudice.

17. The Court finds the Settlement Agreement is fair, negotiated at arm's length, and made in good faith.

18. The terms of the Settlement Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal with prejudice of the claims in this action.

19. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this Order.

20. The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

**IT IS SO ORDERED:**

_____
HON. CLAIRE C. CECCHI
United States District Judge

Dated:

## EXHIBIT A TO [PROPOSED] FINAL APPROVAL ORDER

<u>List of (b)(3) Class Opt-Outs</u>

STANLEY ROSENZWEIG
LATONYA GIBSON
GREGORY STREET
RAJINDER MANN
TANISHA CANE
RAMOND ROBINSON
RY CHAM
ABRAHAM KHOURI
MATTHEW SOIFER
JOSEPH GRANT
JUWAN STEPHEN
REYNALDO SALINAS
EDUARDO GALINATO
BENJAMIN NELLE
DANISHA MACON
RONALD PENN
ESTEBAN ROLDAN BENITES
DANIEL OGBONNA
VIVITA LEJINA
MERCURY ORPHY
VALENTINO MORALES
ADRIANE RESTO
THOMAS LATKA
DEBORAH LOCKETT
PEDRO MARIA PEREZ