**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHABANI STEWART, for herself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> EARLY WARNING SERVICES, LLC <br><br> Defendant. | Civil Case No. 2:18-cv-03277-CCC-SCM <br><br> **DECLARATION OF JENNIFER M KEOUGH REGARDING NOTICE ADMINISTRATION** |

I, JENNIFER M. KEOUGH, declare and state as follows:

1.      I am the Chief Executive Officer of JND Legal Administration LLC ("JND").  JND is a legal administration services provider with its headquarters located in Seattle, Washington.  JND has extensive experience with all aspects of legal administration and has administered settlements in hundreds of class action cases.

2.      JND is serving as the Settlement Administrator[1]  in the above-captioned litigation ("Action") for the purposes of administering the Settlement Agreement and Release ("Settlement Agreement") preliminarily approved by the Court in its Preliminary Approval Order ("Order"), dated February 21, 2020.

3.      This Declaration is based on my personal knowledge, as well as upon information provided to me by experienced JND employees, and if called upon to do so, I could and would testify competently thereto.

## CAFA NOTICE

4.      In compliance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, JND compiled a CD-ROM containing the following documents:

---

[1] Capitalized terms used and otherwise not defined in this Declaration shall have the meanings given such terms in the Settlement Agreement.

DECLARATION OF JENNIFER M KEOUGH

a.  Complaint and Jury Demand, filed on March 7, 2018;

b.  First Amended Complaint and Jury Demand, filed on November 20, 2018;

c.  Unopposed Motion for Preliminary Approval of Class Action Settlement, filed on December 19, 2019;

d.  Memorandum of Law in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement, filed on December 19, 2019;

e.  Declaration of Gabriel Posner, Esq., Plaintiff's Counsel, in Support of Motion for Preliminary Class Action Settlement Approval, filed on December 19, 2019;

f.  Settlement Agreement and Release, filed on December 19, 2019, including the proposed Class Notices, proposed Preliminary Approval Order, and proposed Final Approval Order;

g.  List of (B)(2) and (B)(3) Class Members by State;

h.  Proportionate Share of (B)(2) and (B)(3) Class Members by State;

i.  List of (B)(2) Class Members by State;

j.  Proportionate Share of (B)(2) Class Members by State;

k.  List of (B)(3) Class Members by State;

l.  Proportionate Share of (B)(3) Class Members by State.

5.  The CD-ROM was mailed on December 27, 2019 to the appropriate Federal and State officials identified in the attachment with an accompanying cover letter, a copy of which is attached hereto as **Exhibit A**.

## CLASS MEMBER DATA

6.  On December 18, 2019, JND received the (B)(2) Class List and the (B)(3) Class List which contained the names, addresses, Consumer IDs, and email addresses (where available) of individuals identified as potential Class Members. The Class Lists also indicated whether each Class Member was identified as a (B)(2) Class Member, a (B)(3) Class Member, or an individual in both the (B)(2) and (B)(3) Class ("Joint Class Members").

DECLARATION OF JENNIFER M KEOUGH

7.      JND analyzed the raw data to remove duplicate records.  JND identified 26 duplicate records and removed them from the Class List, resulting in 180,135 unique Class Member records. The breakdown of the Class Member records is as follows:

- 126,922 individuals are included in the (B)(2) Class;

- 1,425 individuals belong to the (B)(3) Class.

- 51,788 individuals belong to the Joint Class.

8.      JND updated the Class Member contact information using data from the National Change of Address ("NCOA") database.[2]  The Class Member data was promptly loaded into a database established for this Action.

## EMAIL CAMPAIGN

9.      On March 12, 2020, JND commenced the email campaign and e-mailed the Court-approved (B)(2) Class Short Form Notice ("(B)(2) Class Notice"), (B)(3) Class Notice, and (B)(2) and (B)(3) Class Combined Notice to the respective 124,824 Class Members who had email addresses from the data.[3] The Exclusion Request Form for (B)(3) Class Members was included as an attachment with each e-mailed (B)(3) Class Notice and (B)(2) and (B)(3) Class Combined Notice. A representative copy of the three e-mailed Class Notices are attached hereto as **Exhibit B**.

10.      Of the e-mailed Class Notices, 9,590 were deemed undeliverable. Of the (B)(2) Class, 6,757 of the e-mailed Notices were undeliverable. Of the (B)(3) Class, 31 were undeliverable, and within the Joint Class, 2,802 e-mailed Notices were undeliverable.

## NOTICE MAILING

11.      Pursuant to the Settlement, on March 23, 2020, JND sent the Court-approved (B)(2) Class Notice, (B)(3) Class Notice, and (B)(2) and (B)(3) Class Combined Notice to the respective 64,904 Class Members who either did not have an email address from the data or whose e-mailed

---

[2] The NCOA database is the official United States Postal Service ("USPS") technology product which makes changes of address information available to mailers to help reduce undeliverable mail pieces before mail enters the mail stream.

[3] The (B)(2) Class Notice was sent to 85,915 (B)(2) Class Members. The (B)(3) Class Notice was sent to the 1,196 (B)(3) Class Members who are not part of the (B)(2) Class. The (B)(2) and (B)(3) Class Combined Notice was sent to the 37,713 (B)(3) Class Members who are also included in the (B)(2) Class.

DECLARATION OF JENNIFER M KEOUGH

Class Notice was returned as undeliverable.[4] A representative sample of the postcard (B)(2) Class Notice is attached hereto as **Exhibit C**. The Exclusion Request Form accompanied the (B)(3) Class Notice and the (B)(2) and (B)(3) Class Combined Notice.

12. As of May 29, 2020, JND tracked 23,506 Class Notices (16,692 (B)(2) Class Notices, 6,758 Joint Notices, and 56 (B)(3) Notices) that were returned to JND as undeliverable. Of the undeliverable Class Notices, JND re-mailed 5,446 Class Notices (4,080 Class Notices were re-mailed to (B)(2) Class Members, 1,364 were re-mailed to Joint Class Members, and two were re-mailed to (B)(3) Class Members) to forwarding addresses provided by the USPS within five days. Four re-mailed (B)(2) Class Notices were returned as undeliverable.

## SETTLEMENT WEBSITE

13. On March 9, 2020, JND established a Settlement Website (www.FileDisclosureFCRASettlement.com) for the (B)(2) Class and the (B)(3) Class. Once users are directed to the website address, they have the option to access a dedicated page for the (B)(2) Class or (B)(3) Class. Each page hosts copies of important case documents, answers to frequently asked questions pertaining to each Class, and contact information for the Settlement Administrator.

14. As of May 29, 2020, the Settlement Website has tracked 22,597 unique users who registered 82,466 page views.

## TOLL-FREE INFORMATIONAL LINE

15. On March 9, 2020, JND established two dedicated toll-free telephone numbers, 1-888-964-1158 and 1-888-964-1154, for the (B)(2) Class and the (B)(3) Class respectively. Callers have the option to listen to an Interactive Voice Response ("IVR") system to obtain information regarding the Settlement, or they can leave a voicemail for the Settlement Administrator and ask questions about the Settlement. Callers also have the option of listening to each IVR system in the Spanish-language.

---

[4] The (B)(2) Class Notice was mailed to 47,767 (B)(2) Class Members. The (B)(3) Class Notice was mailed to 260 (B)(3) Class Members who are not part of the (B)(2) Class. The (B)(2) and (B)(3) Class Combined Notice was mailed to 16,877 (B)(3) Class Members who are also (B)(2) Class Members.

-4-

DECLARATION OF JENNIFER M KEOUGH

16.     As of May 29, 2020, 3,264 calls have been made to the (B)(2) telephone number, and 1,012 calls have been made to the (B)(3) telephone number. The (B)(3) telephone number has received 318 voicemails, and the (B)(2) telephone number has received 933 voicemails.

**REQUESTS FOR EXCLUSION**

17.     The (B)(3) Class Notice and (B)(2) and (B)(3) Class Combined Notices informed recipients that if they would like to exclude themselves from the (B)(3) Class ("opt-out"), they must do so by completing the Exclusion Request Form that accompanied their Class Notice or by mailing an exclusion letter to the Settlement Administrator, postmarked on or before May 11, 2020.  (B)(2) Class Members cannot exclude themselves from the Settlement.

18.     As of May 29, 2020, JND has received 31 exclusion requests. Of these, 25 were determined to be valid, and six were determined to be invalid. Of the six invalid opt-outs received, three requests were submitted by (B)(2) Class Members. A copy of the list of Class Members who submitted exclusion requests is attached hereto as **Exhibit D**.

**OBJECTIONS**

19.     The Class Notices informed recipients that any Class Members who would like to object to the Settlement may do so by submitting a written objection with the Court (and mailing timely postmarked copies of the written objection to Class Counsel and Defense Counsel) by May 11, 2020.

20.     As of May 29, 2020, JND is aware that three objections have been submitted to the Court and/or to the Parties.

**ADMINISTRATION COSTS AND EXPENSES**

21.     As of May 29, 2020, JND has incurred $64,375.95 for the work incurred in this matter for the (B)(2) Class. JND anticipates that the remaining costs will be approximately $12,428.00 for the (B)(2) Class.

22.     As of May 29, 2020, JND has incurred $36,379.75 for the work incurred in this matter for the (B)(3) Class and Joint Class. JND anticipates that the remaining costs will be approximately

DECLARATION OF JENNIFER M KEOUGH

1  $68,998.00 for the (B)(3) and Joint Class, including work in connection with benefit distribution and

2  administration completion.

3

4

5       I declare under the penalty of perjury pursuant to the laws of the United States of America that

6  the foregoing is true and correct.

7       Executed on June 1, 2020 at Seattle, Washington.

8

9

10  JENNIFER M. KEOUGH

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JENNIFER M KEOUGH

# EXHIBIT A



December 27, 2019

The United States Attorney General
And the Appropriate State Officials
Identified on Attachment A

**RE:  CAFA Notice of Proposed Class Action Settlement**

Dear Attorney General or Appropriate State Official:

This notice is being provided to you in accordance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, and on behalf of Defendant, Early Warning Services, LLC, relating to the proposed settlement of the below-referenced class action lawsuit ("the Action").  A motion for Preliminary Approval of Settlement Agreement was filed on December 19, 2019.  As of the date of this Notice, the Court has not scheduled a preliminary approval hearing.

| | |
|---|---|
| **Case Name:** | *Shabani Stewart, et al. v. Early Warning Services, LLC* |
| **Case Number:** | *2:18-cv-03277* |
| **Jurisdiction:** | *United States District Court for the District of New Jersey* |
| **Date Settlement filed with Court:** | *December 19, 2019* |

Pursuant to 28 U.S.C. § 1715 (b), the enclosed CD-ROM contains the following documents filed in the Action:

**01 – Complaint.pdf**
Complaint and Jury Demand, filed on March 7, 2018

**02 – Amended Complaint.pdf**
First Amended Complaint and Jury Demand, filed on November 20, 2018

**03 - Motion for Preliminary Approval.pdf**
Unopposed Motion for Preliminary Approval of Class Action Settlement, filed on December 19, 2019

**04 – Memorandum of Law.pdf**
Memorandum of Law in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement, filed on December 19, 2019

**05 – Declaration of Gabriel Posner in Support of Preliminary Approval.pdf**
Declaration of Gabriel Posner, Esq., Plaintiff's Counsel, in Support of Motion for Preliminary Class Action Settlement Approval, filed on December 19, 2019

**06 – Settlement Agreement.pdf**
      Settlement Agreement and Release, filed on December 19, 2019, attaching:

      Exhibit A – (B)(2) and (B)(3) Class Combined Notice

      Exhibit B – (B)(2) Class Short Form Notice

      Exhibit C – (B)(2) Class Long Form Notice

      Exhibit D – (B)(3) Class Notice

      Exhibit E – [Proposed] Preliminary Approval Order

      Exhibit F – [Proposed] Final Approval Order

**07 - List of (B)(2) and (B)(3) Class Members by State.pdf**

**08 – Proportionate Share of (B)(2) and (B)(3) Class Members by State.pdf**

**09 – List of (B)(2) Class Members by State.pdf**

**10 – Proportionate Share of (B)(2) Class Members by State.pdf**

**11 – List of (B)(3) Class Members by State.pdf**

**12 – Proportionate Share of (B)(3) Class Members by State.pdf**

If you have any questions regarding the details of the case and settlement, please contact defense counsel's representative at:

    Cindy D. Hanson
    Troutman Sanders LLP
    600 Peachtree Street NE , Suite 3000
    Atlanta, GA 30308
    Phone: 404-885-3830

For questions regarding this notice, please contact us at:

    JND Legal Administration
    1100 2nd Ave, Suite 300
    Seattle, WA 98101
    Phone: 800-207-7160

Regards,

/ s/

JND Legal Administration

Enclosures

*Shabani Stewart, et al. v. Early Warning Services, LLC*
Case No. 2:18-cv-03277
CAFA Notice – Attachment A – Service List

Kevin G. Clarkson
Office of the Attorney General
1031 W 4th Ave
Ste 200
Anchorage, AK  99501

Steve Marshall
Office of the Attorney General
501 Washington Ave
Montgomery, AL  36104

Leslie Rutledge
Office of the Attorney General
323 Center St
Ste 200
Little Rock, AR  72201

Mark Brnovich
Office of the Attorney General
2005 N Central Ave
Phoenix, AZ  85004

CAFA Coordinator
Office of the Attorney General
Consumer Law Section
455 Golden Gate Ave., Ste 11000
San Francisco, CA  94102

Phil Weiser
Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10th Fl
Denver, CO  80203

William Tong
Office of the Attorney General
165 Capitol Ave
Hartford, CT  06106

Kathy Jennings
Delaware Department of Justice
Carvel State Office Building
820 N French Street
Wilmington, DE  19801

Ashley Moody
Office of the Attorney General
State of Florida
The Capitol PL-01
Tallahassee, FL  32399

Chris Carr
Office of the Attorney General
40 Capitol Sq SW
Atlanta, GA  30334

Clare E. Connors
Department of the Attorney General
425 Queen Street
Honolulu, HI  96813

Thomas J. Miller
Office of the Attorney General
Hoover State Office Building
1305 E. Walnut Street Rm 109
Des Moines, IA  50319

Lawrence G. Wasden
State of Idaho
Office of the Attorney General
700 W. Jefferson St, Suite 210
Boise, ID  83720

Kwame Raoul
Office of the Attorney General
James R. Thompson Center
100 W. Randolph St
Chicago, IL  60601

*Shabani Stewart, et al. v. Early Warning Services, LLC*
Case No. 2:18-cv-03277
CAFA Notice – Attachment A – Service List

Curtis T. Hill, Jr.
Indiana Attorney General's Office
Indiana Government Center South
302 W Washington St 5th Fl
Indianapolis, IN  46204

Derek Schmidt
Office of the Attorney General
120 SW 10th Ave
2nd Fl
Topeka, KS  66612

Daniel Cameron
Office of the Attorney General
Capitol Building
700 Capitol Ave Ste 118
Frankfort, KY  40601

Jeff Landry
Office of the Attorney General
1885 N. Third St
Baton Rouge, LA  70802

CAFA Coordinator
General Counsel's Office
Office of the Attorney General
One Ashburton Pl
Boston, MA  02108

Brian E. Frosh
Office of the Attorney General
200 St. Paul Pl
Baltimore, MD  21202

Aaron Frey
Office of the Attorney General
6 State House Station
Augusta, ME  04333

Dana Nessel
Department of Attorney General
G. Mennen Williams Building, 7th Fl
525 W Ottawa St
Lansing, MI  48933

Keith Ellison
Office of the Attorney General
445 Minnesota St
Suite 1400
St. Paul, MN  55101

Eric Schmitt
Attorney General's Office
Supreme Court Building
207 W High St
Jefferson City, MO  65101

Jim Hood
Office of the Attorney General
Walter Sillers Building
550 High St Ste 1200
Jackson, MS  39201

Tim Fox
Office of the Attorney General
215 N. Sanders
Justice Building, Third Fl
Helena, MT  59601

Josh Stein
Attorney General's Office
114 W Edenton St
Raleigh, NC  27603

Wayne Stenehjem
Office of the Attorney General
State Capitol, 600 E Boulevard Ave
Dept. 125
Bismarck, ND  58505

*Shabani Stewart, et al. v. Early Warning Services, LLC*
Case No. 2:18-cv-03277
CAFA Notice – Attachment A – Service List

Doug Peterson
Office of the Attorney General
2115 State Capitol
Lincoln, NE  68509

Gordon MacDonald
Office of the Attorney General
NH Department of Justice
33 Capitol St.
Concord, NH  03301

Gurbir S. Grewal
Office of the Attorney General
Richard J. Hughes Justice Complex
25 Market St 8th Fl, West Wing
Trenton, NJ  08611

Hector Balderas
Office of the Attorney General
408 Galisteo Street
Villagra Building
Santa Fe, NM  87501

Aaron Ford
Office of the Attorney General
Old Supreme Court Building
100 N Carson St
Carson City, NV  89701

CAFA Coordinator
Office of the Attorney General
28 Liberty St
15th Fl
New York, NY  10005

Dave Yost
Attorney General's Office
State Office Tower
30 E Broad St 14th Fl
Columbus, OH  43215

Mike Hunter
Office of the Attorney General
313 NE 21st St
Oklahoma City, OK  73105

Ellen F. Rosenblum
Oregon Department of Justice
1162 Court St NE
Salem, OR  97301

Josh Shapiro
PA Office of the Attorney General
Strawberry Square 16th Fl
Harrisburg, PA  17120

Peter F. Neronha
Office of the Attorney General
150 S Main St
Providence, RI  02903

Alan Wilson
Office of the Attorney General
Rembert C. Dennis Bldg
1000 Assembly St Rm 519
Columbia, SC  29201

Jason Ravnsborg
Office of the Attorney General
1302 E Highway 14
Ste 1
Pierre, SD  57501

Herbert H. Slatery, III
Office of the Attorney General
301 6th Ave N
Nashville, TN  37243

*Shabani Stewart, et al. v. Early Warning Services, LEC*
Case No. 2:18-cv-03277
CAFA Notice – Attachment A – Service List

Ken Paxton
Office of the Attorney General
300 W. 15th St
Austin, TX  78701

Sean D. Reyes
Office of the Attorney General
Utah State Capitol Complex
350 North State St Ste 230
Salt Lake City, UT  84114

Mark R. Herring
Office of the Attorney General
202 N. Ninth St.
Richmond, VA  23219

T.J. Donovan
Attorney General's Office
109 State St.
Montpelier, VT  05609

Bob Ferguson
Office of the Attorney General
1125 Washington St SE
Olympia, WA  98501

Josh Kaul
Attorney General's Office
114 E State Capitol
Madison, WI  53702

Patrick Morrisey
Office of The Attorney General
State Capitol, 1900 Kanawha Blvd E
Building 1 Rm E-26
Charleston, WV  25305

Bridget Hill
Office of the Attorney General
Kendrick Building
2320 Capitol Ave
Cheyenne, WY  82002

Karl A. Racine
Office of the Attorney General
441 4th St NW
Suite 1100
Washington, DC  20001

William Barr
Office of the U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC  20530

Talauega Eleasalo V. Ale
Department of Legal Affairs
A.P. Lutali Exec Ofc Bldg, 3rd Fl
Utulei
Pago Pago, AS  96799

Leevin Taitano Camacho
Office of the Attorney General
Administration Division
590 S Marine Corps Dr, Suite 901
Tamuning, GU  96913

Edward Manibusan
Office of the Attorney General
Administration Building
P.O. Box 10007
Saipan, MP  96950

Dennise Noemí Longo Quiñones
Dpto. de Justicia de Puerto Rico
Calle Teniente César González 677
Esq. Ave. Jesús T. Piñero
San Juan, PR  00918

*Shabani Stewart, et al. v. Early Warning Services, LLC*
**Case No. 2:18-cv-03277**
**CAFA Notice – Attachment A – Service List**

Denise N. George
Office of the Attorney General
34-38 Kronprindsens Gade
GERS Building 2nd Fl
St. Thomas, VI  00802

Joses R. Gallen
Department of Justice
P.O. Box PS-105
Palikir
Pohnpei State, FM  96941

Office of the Attorney General
P.O. Box 890
Majuro, MH  96960

Ernestine K. Rengiil
Office of the Attorney General
P.O. Box 1365
Koror, PW  96939

# EXHIBIT B

## A FEDERAL COURT ORDERED THIS NOTICE.

*Shabani Stewart, et al. v. Early Warning Services, LLC*

United States District Court, District of New Jersey,
Civil Action No. 2:18-cv-03277-CCC-SCM

A class action lawsuit has settled, and we are sending this to you to explain how this settlement will affect you.

**Nature of this Action.** The Plaintiff alleges the Defendant ("EWS") violated the Fair Credit Reporting Act by failing to provide, upon a consumer's request, the complete contents of all information in the consumer's file at the time of such request. EWS denies any and all liability.

**Who is in the settlement?** The "(b)(2) Settlement" all natural persons residing in the United States who, from March 7, 2016 through February 21, 2020, requested from EWS the contents of their file maintained by EWS, where in response thereto, EWS provided to such consumer a "Summary File Disclosure." Excluded from the (b)(2) Settlement Class are individuals who have previously released his or her claims against EWS, who had a record of a match in the Internal Fraud Prevention Service and the Judge overseeing the Litigation.

**What are the settlement terms?** EWS is changing its processes for providing file disclosures in response to consumer requests and will provide disclosures that include all information maintained in a consumer's file that is used in a product or service that is subject to the FCRA. In exchange, everyone in the settlement is releasing their right to bring a claim against EWS for statutory or punitive damages, or a class action claim, relating to any violation of FCRA § 1681g (and any FCRA State Equivalent) and all claims based upon or related to the content, form, manner, or nature of the consumer disclosures provided in response to a consumer's request for the contents of the consumer's file.

**Binding Effect.** If the Court approves the settlement, it will be binding on you.

**Your right to an Attorney.** If you would like, you are entitled to appear in this matter through your own attorney at your expense. The Court will hold a hearing to evaluate the settlement on **June 22, 2020**.

**Can you object to the settlement?** Yes. To object, you must send a letter stating that you object to the settlement in *Stewart v. Early Warning Services, LLC*. Be sure to include: (1) the name of this lawsuit, *Stewart v. Early Warning Services*, LLC, Civil Action No. 2:18-cv-03277-CCC-SCM; (2) your full name, current address, telephone number, and last four digits of your Social Security number; (3) a detailed explanation of the reasons you object to the settlement and any papers in support of your position; and (4) signed verification of membership in the Settlement Class. Mail your objection to all these three different places, postmarked by **May 11, 2020**:

| THE COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| **Clerk of the Court** | **Gabriel Y. Posner** | **Cindy D. Hanson** |
| United States District Court | Posner Law PLLC | Troutman Sanders LLP |
| District of New Jersey | 270 Madison Ave., Ste. 1203 | 600 Peachtree St. NE, Ste. 3000 |
| 50 Walnut Street Room 4015 | New York, NY 10016 | Atlanta, GA 30308 |
| Newark, NJ 07101 | | |

**This is only a short form notice. For additional important information, including a long form notice, please visit www.FileDisclosureFCRASettlement.com. Additional information is also available by calling 1-888-964-1158.**

## A FEDERAL COURT ORDERED THIS NOTICE.

*Shabani Stewart, et al. v. Early Warning Services, LLC*
United States District Court, District of New Jersey, Civil Action No. 2:18-cv-03277-CCC-SCM

**THIS NOTICE IS IMPORTANT TO YOU BECAUSE YOU MAY HAVE RECEIVED
A FILE DISCLOSURE FROM EARLY WARNING SERVICES, LLC
AND YOUR FILE MAY HAVE CONTAINED A FRAUD RECORD.**

**YOU COULD GET MONEY FROM A CLASS ACTION SETTLEMENT.**

**A class action lawsuit has settled, and we are sending this to you to explain
how this settlement will affect you.**

- The Court has ordered this notice to be sent to you because records show that you requested a file disclosure from Early Warning Services, LLC ("EWS" or the "Defendant") and EWS sent you a "File Disclosure."  Your EWS file may have contained a Fraud Record, but the disclosure EWS sent you did not use the word "fraud."

- If you participate in this settlement, you will automatically be paid a settlement amount of approximately $59.

- You have other important rights in connection with this settlement, as detailed below.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | If the Court approves the settlement, a check in an amount of approximately $59 will be mailed to you. You do not need to submit a claim form or otherwise take any action.  You will also give up your right to object to the Settlement and you will not be able to be a part of any other lawsuit about the legal claims in this case. |
| **EXCLUDE YOURSELF** | If you want to exclude yourself from this case, you must submit an opt-out form.  You will not receive any money.  Your request to exclude yourself from the settlement must be postmarked by **May 11, 2020**.  Opt-out forms must be submitted individually. Enclosed is an opt-out form for your signature.  **If you wish to receive money, then do not mail in the form**.<br><br>If you exclude yourself, you remove yourself from participation in this class action and do not receive a benefit from this settlement.  However, you retain any right to file a separate lawsuit against the Defendant.  If you choose this option, it is important that you promptly speak to an attorney because of the time-sensitive nature of claims under the Fair Credit Reporting Act. |
| **OBJECT** | You remain a class member, but you may write to the Court about why you do not like it. Your objection must be filed by **May 11, 2020**. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still must decide whether to approve the settlement.  Please be patient

## <u>WHAT THIS NOTICE CONTAINS</u>

1.  **Why did I receive this Notice?**..........................................................................Page 2

2.  **What is this lawsuit about?**..........................................................................3

3.  **How do I know if I am affected by the settlement?** ..........................................3

4.  **What does the settlement provide?** ..........................................................3

5.  **How can I get a benefit?**..........................................................................4

6.  **When would I get my settlement check?** ................................................4

7.  **What do I give up by staying in the Settlement?** ................................4

8.  **How do I exclude myself from the settlement?** ....................................4

9.  **If I do not exclude myself, can I sue the Defendant for the same thing later?**................5

10. **If I exclude myself, can I get any monetary benefit from the settlement?** ................5

11. **Do I have a lawyer in the case?** ..........................................................5

12. **How will the lawyers be paid?**..........................................................5

13. **Is the Plaintiff entitled to a separate payment?** ................................6

14. **How do I tell the Court that I do not like the settlement?** ................6

15. **What is the difference between objecting and excluding?**........................6

16. **When and where will the Court decide to approve the settlement?** ................6

17. **Do I have to come to the hearing?**......................................................7

18. **May I speak at the hearing?** ..........................................................7

19. **How do I get more information?**..........................................................7

---

## 1.  WHY DID I RECEIVE THIS NOTICE?

You and other members of this class action are a part of the (b)(3) Settlement because you requested a copy of your file disclosure from Defendant and, while your EWS file may have contained a Fraud Record, the disclosure EWS sent you did not use the word "fraud." The settlement of this claim is called the "(b)(3) Settlement."

A Court authorized the notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the settlement. This notice explains the lawsuit, the settlement, and your legal rights. Judge Claire C. Cecchi, of the United States District Court for the District of New Jersey, is overseeing this class action. The case is known as *Stewart v. Early Warning Services, LLC*, No. 2:18-cv-03277-CCC-SCM (the "Lawsuit").

A Court authorized this notice to inform you about the proposed (b)(3) Settlement and your rights. Before any final judgment is entered, the Court will have a hearing to decide whether to approve the (b)(3) Settlement. This notice is only a summary of the proposed (b)(3) Settlement. More details about the proposed (b)(3) Settlement are available in a longer document called the Settlement Agreement. You can get a copy of the Settlement Agreement by visiting www.FileDisclosureFCRASettlement.com.

## 2. WHAT IS THIS LAWSUIT ABOUT?

Shabani Stewart (the "Plaintiff") claims that the Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA") in connection with responding to consumer file disclosure requests.

In addition, the Plaintiff claims that members of the (b)(3) Settlement Class requested the contents of their files from EWS, and that EWS did not use the word "fraud" in disclosing Fraud Records in the disclosures it provided to these consumers.

EWS has denied all claims in the Lawsuit and contends that it acted lawfully and in compliance with the FCRA at all times. Despite denying liability and wrongdoing, EWS has decided it is in its best interest to settle the Lawsuit to avoid the burden, expense, risk, and uncertainty of continuing the Litigation.

In addition to the claim described above, Plaintiff Shabani Stewart and Defendant have reached a class settlement related to other allegations in the complaint. Specifically, Plaintiff also contends that EWS violated the FCRA by failing to provide, upon a consumer's request, the complete contents of all information in the consumer's file at the time of such request. The settlement of these other allegations is referred to as the "(b)(2) Settlement." Based upon EWS' records, you do not appear to be a member of the (b)(2) Settlement Class. Information about the (b)(2) Settlement can be found at www.FileDisclosureFCRASettlement.com.

## 3. HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

You are a member of the (b)(3) Settlement Class and are affected by the settlement if you requested a copy of your file disclosure from the Defendant between March 7, 2016 and February 21, 2020, and if your resulting file disclosure indicated that the Defendant maintained a Fraud Record about you but the file disclosure did not use the term "Fraud."

Specifically, for the purposes of settlement only, the Court has provisionally certified the (b)(3) Settlement Class defined as follows.

> "(b)(3) Settlement Class" means all natural persons residing in the United States who, from March 7, 2016 through February 21, 2020, requested from EWS the contents of his or her file maintained by EWS, where EWS had, in such consumer's file, at least one Fraud Record, where EWS in response to such request, provided a file disclosure to such consumer but where such file disclosure did not use the term "fraud." Excluded from the (b)(3) Settlement Class are individuals who have previously released his or her claims against EWS, who had a record of a match in the Internal Fraud Prevention Service and the Judge overseeing the Litigation.

## 4. WHAT DOES THE SETTLEMENT PROVIDE?

The Defendant has agreed to pay $3,975,000 (the **"(b)(3) Settlement Fund"**) for the benefit of the (b)(3) Settlement Class. Payments will be made by check to each class member in the amount of approximately $59. Because the amount of each check is subject to a *pro rata* deduction from the Settlement Fund for attorneys' fees and costs approved by the Court, the expected payment is the "net" amount stated above. This is an approximate amount and the amount that you actually receive could be less.

In addition, as part of the Settlement, Defendant will implement a new process by which Defendant will change the language it uses when disclosing a Shared Fraud record to a consumer to now include the word "fraud" in the disclosure.

## 5. HOW CAN I GET A BENEFIT?

You do not need to do anything to receive a cash payment under this settlement. If the settlement is finally approved, you will automatically receive a payment, unless you have excluded yourself from the (b)(3) Settlement Class. The check will be mailed to the address appearing in the Defendant's records. If your address has changed or is changing, you may contact the Settlement Administrator at the address listed at the bottom of this notice.

## 6. WHEN WOULD I GET MY SETTLEMENT CHECK?

The Court will hold a hearing on **June 22, 2020** to decide whether to approve the settlement. If the Court approves the settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year after Court approval.  The progress of the settlement will be reported at the settlement website: www.FileDisclosureFCRASettlement.com. Please be patient.

## 7. WHAT DO I GIVE UP BY STAYING IN THE SETTLEMENT?

Unless you exclude yourself, you are staying in the (b)(3) Settlement Class, which means that you cannot be part of any other lawsuit against the Defendant (or other parties released by the settlement) about the legal claims in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you do not exclude yourself from the Settlement Class, you will agree to a "Release of Claims," stated below, which describes exactly the legal claims that you give up if you receive settlement benefits. Basically, you are releasing your right to sue for any violation of federal or state law based on the manner, form and content of Defendant's file disclosure, and any claims that the Defendant did not disclose to you the contents of your file.

The "Release" contained in the Settlement Agreement states:

> As of the Effective Date, all members of the Class fully, finally, completely, and forever release and discharged the Released Persons from any and all Claims, Liabilities, Proceedings and Relief that arose on or before the Effective Date and that any Class Member had, now has, or may have in the future under 15 U.S.C. 1681g (and any FCRA State Equivalent) or is based upon or related to the content, form, manner or nature of the consumer disclosure provided to the Class Member in response to his or her request to EWS for the contents of his or her file.

The full release and list of released parties may be found at www.FileDisclosureFCRASettlement.com or by calling 1-888-964-1154 for assistance.

## 8. HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

If you do not want a benefit from this settlement, but you want to maintain your right to sue or continue to sue the Defendant on your own about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class. This is sometimes referred to as "opting out" of the Settlement Class. Opting out gives you the right to bring your own lawsuit but does not guarantee that your own lawsuit will be successful.

You may "opt out" or exclude yourself from the settlement as explained below.

REQUESTS FOR EXCLUSION THAT ARE NOT POSTMARKED ON OR BEFORE **MAY 11, 2020** WILL NOT BE HONORED.

You cannot exclude yourself by telephone or by e-mail. You also cannot exclude yourself by mailing a request to any location other than that specified below or by mailing a request after the deadline. You also cannot exclude yourself as part of a group, aggregate, or class involving more than one consumer.

If you exclude yourself, you should promptly consult your own attorney about your rights as the time to file an individual lawsuit is limited.

To exclude yourself from the settlement, you must complete the attached Exclusion Request, selecting "I am opting out" where indicated, or send a letter stating that you want to be excluded from the settlement of *Stewart v. Early Warning Services, LLC* Be sure to include: (1) the name of this lawsuit, *Stewart v. Early Warning Services, LLC*, Civil Action No. 2:18-cv-03277-CCC-SCM; (2) your full name, current address, and telephone number; (3) a statement of intention to exclude yourself from the settlement; and (4) your signature. You must mail your Exclusion Request so that it is postmarked no later than **May 11, 2020** to:

Exclusion Requests – Stewart v. Early Warning Services, LLC Settlement

c/o JND Legal Administration

PO Box 91365

Seattle, WA 98111

## 9.   IF I DO NOT EXCLUDE MYSELF, CAN I SUE THE DEFENDANT FOR THE SAME THING LATER?

No. Unless you exclude yourself, you give up the right to sue the Defendant for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You may need to exclude yourself from *this* class action to continue your own lawsuit. Remember, your Exclusion Request must be postmarked by **May 11, 2020**.

## 10. IF I EXCLUDE MYSELF, CAN I GET ANY MONETARY BENEFIT FROM THE SETTLEMENT?

No.

## 11. DO I HAVE A LAWYER IN THE CASE?

The Plaintiff retained **Gabriel Y. Posner of Posner Law PLLC**, 270 Madison Avenue, Suite 1203, New York, NY 10016 to represent her. In connection with the preliminary approval of the settlement, the Court appointed this attorney to represent you and other members of the (b)(3) Settlement Class. This attorney is called "**Class Counsel**." This lawyer will not separately charge you for his work on the case. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 12. HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court for an award of attorneys' fees and costs and expenses incurred in this matter for work performed representing the (b)(3) Class, which the Defendant has agreed to pay as part of the Settlement Fund, with Class Counsel requesting no more than $740,000 for work performed representing the (b)(3) Class. Additionally, Class Counsel will request additional amounts for work performed representing the (b)(2) Class. However, the Court may ultimately award less than the requested amounts.  The attorneys representing the class have handled this case on a contingency basis. To date, they have not been paid anything for their work, and they have paid all of the litigation costs out-of-pocket, without any reimbursement. Class Counsel will be required to submit a fee request to the court demonstrating why the fee they are seeking is reasonable. This petition will be available on the Settlement Website no later than the business day after it is filed.

(b)(3) Class Members do not have to pay any attorneys' fees in connection with the settlement.

Questions?  Call Toll Free 1-888-964-1154

¿Tiene preguntas? Llame gratuitamente al 1-888-964-1154

- 5 -

**13. IS THE PLAINTIFF ENTITLED TO A SEPARATE PAYMENT?**

The Plaintiff found a lawyer to represent her and the (b)(3) Settlement Class, litigated this case, participated in discovery, and participated in settlement negotiations. As compensation for her work on behalf of the (b)(3) Class Members, the Plaintiff will ask the Court to approve a payment to her of an amount not to exceed $3,750. Additionally, for her work on behalf of the (b)(2) Class, Plaintiff will request compensation of an additional $3,750.  The Court may ultimately award less than the requested amount.

**14. HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?**

If you are a (b)(3) Settlement Class Member, you can object to the settlement if you do not think any part of the settlement is fair, reasonable, or adequate. You can and should explain the detailed reasons why you think that the Court should not approve the settlement, if this is the case. The Court and Class Counsel will consider your views carefully. To object, you must send a letter stating that you object to the settlement in *Stewart v. Early Warning Services, LLC*. Be sure to include: (1) the name of this lawsuit, *Stewart v. Early Warning Services, LLC*, Civil Action No. 2:18-cv-03277-CCC-SCM; (2) your full name, current address, telephone number, and last four digits of your Social Security number; (3) a detailed explanation of the reasons you object to the settlement and any papers in support of your position; and (4) signed verification of membership in the Settlement Class. Mail the foregoing to these three different places postmarked by **May 11, 2020**:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>District of New Jersey<br>50 Walnut Street Room 4015<br>Newark, NJ 07101 | Gabriel Y. Posner<br>270 Madison Avenue<br>Suite 1203<br>New York, NY 10016 | Cindy D. Hanson<br>TROUTMAN SANDERS LLP<br>600 Peachtree St. NE<br>Suite 3000<br>Atlanta, GA 30308 |

There are additional requirements necessary for your attorney if you retain one. These are available as stated in the Settlement Agreement and Preliminary Approval Order.

**15. WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?**

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you remain in the (b)(3) Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the (b)(3) Settlement Class. If you exclude yourself, you have no basis to object to this settlement because the case no longer affects you.

**16. WHEN AND WHERE WILL THE COURT DECIDE TO APPROVE THE SETTLEMENT?**

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

The Court will hold a fairness hearing on **June 22, 2020** at **10:00 AM** in Courtroom MLK 2B of the United States District Court for the District of New Jersey, 50 Walnut Street, Newark, NJ 07101. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have submitted timely requests to speak at the hearing. The Court may also decide the amount that Class Counsel and the Plaintiff will be paid. After the hearing, the Court will decide whether to finally approve the settlement.  The time, date, and location of the hearing may change without further notice to you.

## 17. DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer any questions the Court may have. You are welcome to come at your own expense if you so desire. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## 18. MAY I SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Stewart v. Early Warning Services, LLC*." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be sent to the Clerk of Court, Class Counsel, and Defense Counsel, at the three addresses previously provided in Section 14, and must be received by **May 11, 2020**. You cannot speak at the hearing if you have excluded yourself.

## 19. HOW DO I GET MORE INFORMATION?

You can visit the website at www.FileDisclosureFCRASettlement.com. You may call the Settlement Administrator at 1-888-964-1154 or you can write to the Settlement Administrator, Stewart v. Early Warning Services, LLC Settlement, c/o JND Legal Administration, PO Box 91365, Seattle, WA 98111. You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.njd.uscourts.gov/cgi-bin/ShowIndex.pl; or by visiting the office of the Clerk of the Court for the United States District Court for the District of New Jersey, 50 Walnut Street, Room 4015, Newark, NJ 07101, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

### PLEASE DO NOT CALL THE COURT, THE CLERK, OR THE DEFENDANT REGARDING THIS SETTLEMENT.

**Exclusion Request –*Stewart* Settlement Administrator**
**Receive No Settlement Benefits**

**(If you choose this option, you will not receive a settlement check)**

To exclude yourself from the settlement, you must complete the attached Exclusion Request, selecting "I am opting out" where indicated, or send a letter stating that you want to be excluded from the settlement of the *Stewart v. Early Warning Services, LLC* case. Be sure to include: (1) the name of this lawsuit, *Stewart v. Early Warning Services, LLC*, Civil Action No. 2:18-cv-03277-CCC-SCM; (2) your full name, current address, and telephone number; (3) a statement of intention to exclude yourself from the settlement; and (4) your signature.

You must mail your Exclusion Request so that it is postmarked no later than **May 11, 2020** to:

Exclusion Requests – Stewart v. Early Warning Services, LLC Settlement
c/o JND Legal Administration
PO Box 91365
Seattle, WA 98111

**Exclusion Request – *Stewart* Settlement Administrator**

FILL OUT AND RETURN THIS FORM **ONLY** IF YOU WISH TO EXCLUDE YOURSELF FROM THE SETTLEMENT. IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT, DO NOT RETURN THIS FORM.

☐ I am opting out of the settlement in *Stewart v. Early Warning Services, LLC*, Civil Action No. 2:18-cv-03277-CCC-SCM.

| Full Name: | |
|---|---|
| Current Address: | |
| | |
| | |
| Phone Number: | |

_____
Signature

## A FEDERAL COURT ORDERED THIS NOTICE.

*Shabani Stewart, et al. v. Early Warning Services, LLC*
United States District Court, District of New Jersey, Civil Action No. 2:18-cv-03277-CCC-SCM

**THIS NOTICE IS IMPORTANT TO YOU BECAUSE YOU MAY HAVE RECEIVED
A SUMMARY FILE DISCLOSURE FROM EARLY WARNING SERVICES, LLC
AND YOUR FILE MAY HAVE CONTAINED A FRAUD RECORD.**

**YOU COULD GET MONEY FROM A CLASS ACTION SETTLEMENT.**

**A class action lawsuit has settled, and we are sending this to you to explain
how this settlement will affect you.**

- The Court has ordered this notice to be sent to you because records show that you requested a file disclosure from Early Warning Services, LLC ("EWS" or the "Defendant"), and EWS sent you a "Summary File Disclosure" and provided you with the option to request a "Comprehensive File Disclosure" that may have contained additional information. In addition, records show your EWS file may have contained a Fraud Record, but the disclosure EWS sent you did not use the word "fraud".

- If you participate in this settlement, you will automatically be paid a settlement amount of approximately $59.

- You have other important rights in connection with this settlement, as detailed below.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | If the Court approves the settlement, a check in an amount of approximately $59 will be mailed to you. You do not need to submit a claim form or otherwise take any action. You will also give up your right to object to the Settlement and you will not be able to be a part of any other lawsuit about the legal claims in this case. |
| **EXCLUDE YOURSELF** | As described below, you are a member of two Settlement Classes. If you want to exclude yourself from the (b)(3) Settlement Class, you must submit an opt-out form. You will not receive any money. Your request to exclude yourself from the settlement must be postmarked by **May 11, 2020**. Opt-out forms must be submitted individually. Enclosed is an opt-out form for your signature. **If you wish to receive money, then do not mail in the form**. |
| | If you exclude yourself, you remove yourself from participation in the (b)(3) Settlement Class and do not receive a benefit from the (b)(3) Settlement. However, you retain certain rights to file a separate lawsuit against the Defendant. If you choose this option, it is important that you promptly speak to an attorney because of the time-sensitive nature of claims under the Fair Credit Reporting Act. |
| | You are also a member of the (b)(2) Settlement Class. **You cannot exclude yourself from the (b)(2) Settlement Class or the (b)(2) Settlement.** |
| **OBJECT** | You remain a class member, but you may write to the Court about why you do not like the settlement. Your objection must be filed by **May 11, 2020**. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still must decide whether to approve the settlement. Please be patient.

## <u>WHAT THIS NOTICE CONTAINS</u>

1.    **Why did I receive this Notice?** .................................................................................. Page 2
2.    **What is this lawsuit about?** ......................................................................................................2
3.    **How do I know if I am affected by the settlement?** ...............................................................3
4.    **What does the settlement provide?** ........................................................................................3
5.    **How can I get a benefit?** ..........................................................................................................4
6.    **When would I get my settlement check?** ................................................................................4
7.    **What do I give up by staying in the settlement?** ...................................................................4
8.    **How do I exclude myself from the settlement?** .....................................................................5
9.    **If I do not exclude myself, can I sue the Defendant for the same thing later?** ..................5
10.   **If I exclude myself, can I get any monetary benefit from the settlement?**..........................6
11.   **Do I have a lawyer in the case?** ..............................................................................................6
12.   **How will the lawyers be paid?** ................................................................................................6
13.   **Is the Plaintiff entitled to a separate payment?** ..................................................................6
14.   **How do I tell the Court that I do not like the settlement?** ...................................................6
15.   **What is the difference between objecting and excluding?** ....................................................7
16.   **When and where will the Court decide to approve the settlement?** ....................................7
17.   **Do I have to come to the hearing?** ..........................................................................................7
18.   **May I speak at the hearing?** ...................................................................................................7
19.   **How do I get more information?** .............................................................................................7

### 1.   WHY DID I RECEIVE THIS NOTICE?

You received a notice because you and other members of this class action are a part of two Settlements: the (b)(2) Settlement and (b)(3) Settlement.

You and other members of this class action are a part of the (b)(2) Settlement because you requested a copy of your file disclosure from EWS, and received a "Summary File Disclosure" from EWS and you were provided with the option to request a "Comprehensive File Disclosure" that may have contained additional information.

In addition, you and other members of this class action are a part of the (b)(3) Settlement because you requested a copy of your file disclosure from Defendant and, while your EWS file may have contained a Fraud Record, the disclosure EWS sent you did not use the word "fraud." The settlement of this claim is called the "(b)(3) Settlement."

A Court authorized the notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the settlement. This notice explains the lawsuit, the settlement, and your legal rights. Judge Claire C. Cecchi, of the United States District Court for the District of New Jersey, is overseeing this class action. The case is known as *Stewart v. Early Warning Services, LLC*, No. 2:18-cv-03277-CCC-SCM (the "Lawsuit").

A Court authorized this notice to inform you about the proposed (b)(2) and (b)(3) Settlements and your rights. Before any final judgment is entered, the Court will have a hearing to decide whether to approve the (b)(2) Settlement and (b)(3) Settlement. This notice is only a summary of the proposed (b)(2) and (b)(3) Settlements. More details about the proposed (b)(2) and (b)(3) Settlements are available in a longer document called the Settlement Agreement. You can get a copy of the Settlement Agreement by visiting www.FileDisclosureFCRASettlement.com.

### 2.   WHAT IS THIS LAWSUIT ABOUT?

Shabani Stewart (the "Plaintiff") claims the Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA") in connection with responding to consumer file disclosure requests. The Plaintiff contends EWS violated the FCRA by failing to provide, upon a consumer's request, the complete contents of all information in the consumer's file at the time of such request.

The Plaintiff asserts that members of the (b)(2) Settlement Class requested the contents of their files from EWS, and EWS responded by providing a "Summary File Disclosure" and provided members of the Settlement Class with the option to request a "Comprehensive File Disclosure," that may have contained additional information.

In addition, the Plaintiff claims that members of the (b)(3) Settlement Class requested the contents of their files from EWS, and that EWS did not use the word "fraud" in disclosing Fraud Records in the disclosures it provided to these consumers.

EWS has denied all claims in the Lawsuit and contends that it acted lawfully and in compliance with the FCRA at all times. Despite denying liability and wrongdoing, EWS has decided it is in its best interest to settle the Lawsuit to avoid the burden, expense, risk, and uncertainty of continuing the Litigation.

## 3. HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

You are a member of the (b)(2) and (b)(3) Settlement Classes and are affected by the settlement if:

1. You requested a copy of your file disclosure from the Defendant between March 7, 2016 and February 21, 2020;

2. if you received a "Summary File Disclosure"; and

3. if your resulting file disclosure indicated that the Defendant maintained a Fraud Record about you but the file disclosure did not use the word "fraud."

EWS' records indicated you are a member of both the (b)(2) and (b)(3) Settlement Classes.

Specifically, for the purposes of settlement only, the Court has provisionally certified the following (b)(2) Settlement Class:

"(b)(2) Class" means all natural persons residing in the United States who, from March 7, 2016 through February 21, 2020, requested from EWS the contents of their file maintained by EWS, where in response thereto, EWS provided to such consumer a "Summary File Disclosure." Excluded from the (b)(2) Settlement Class are individuals who have previously released his or her claims against EWS, who had a record of a match in the Internal Fraud Prevention Service and the Judge overseeing the Litigation.

Specifically, for the purposes of settlement only, the Court has provisionally certified the (b)(3) Settlement Class defined as follows.

"(b)(3) Settlement Class" means all natural persons residing in the United States who, from March 7, 2016 through February 21, 2020, requested from EWS the contents of his or her file maintained by EWS, where EWS had, in such consumer's file, at least one Fraud Record, where EWS in response to such request, provided a file disclosure to such consumer but where such file disclosure did not use the term "fraud." Excluded from the (b)(3) Settlement Class are individuals who have previously released his or her claims against EWS, who had a record of a match in the Internal Fraud Prevention Service and the Judge overseeing the Litigation.

## 4. WHAT DOES THE SETTLEMENT PROVIDE?

### (b)(2) Settlement

The benefits for the (b)(2) Class Members fall under the category of injunctive relief. An injunction occurs when a court orders a person to do or not to do something – in this case changes certain of Defendant's business practice.

**Process Changes.** As part of the Settlement, Defendant will implement a new process by which Defendant will provide a single file disclosure in response to a consumer request for a disclosure under 15 U.S.C. § 1681g, which disclosure will include all information maintained in a consumer's file that is used in a product or service that is subject to the FCRA.

(b)(2) Settlement Class Members do not have to pay or buy anything, register, or provide any information to benefit from the changes in business practice provided by the Settlement Agreement. **There will be no payments to the (b)(2) Class Members.**

### (b)(3) Settlement

The Defendant has agreed to pay $3,975,000 (the **"(b)(3) Settlement Fund"**) for the benefit of the (b)(3) Settlement Class. Payments will be made by check to each class member in the amount of approximately $59. Because the amount of each check is subject to a *pro rata* deduction from the Settlement Fund for attorneys' fees and costs approved by the

Court, the expected payment is the "net" amount stated above.  This is an approximate amount and the amount that you actually receive could be less.

In addition, as part of the Settlement, Defendant will implement a new process by which Defendant will revise the language it uses when disclosing a Shared Fraud record to a consumer to include the word "fraud" in the disclosure.

**BECAUSE YOU ARE A MEMBER OF BOTH THE (b)(2) AND (b)(3) SETTLEMENT CLASSES, YOU ARE ENTITLED TO RECEIVE THE PAYMENT FROM THE (b)(3) SETTLEMENT FUND DESCRIBED ABOVE, AS LONG AS YOU DO NOT OPT-OUT FROM THE (b)(3) SETTLEMENT.**

### 5.   HOW CAN I GET A BENEFIT?

You do not need to do anything to receive a cash payment under this settlement.  If the settlement is finally approved, and you do not exclude yourself from the (b)(3) Settlement Class, you will automatically receive a payment. The check will be mailed to the address appearing in the Defendant's records. If your address has changed or is changing, you may contact the Settlement Administrator at the address listed at Question 19.

### 6.   WHEN WOULD I GET MY SETTLEMENT CHECK?

The Court will hold a hearing on **June 22, 2020** to decide whether to approve the settlement. If the Court approves the settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year after Court approval.  The progress of the settlement will be reported at the settlement website: www.FileDisclosureFCRASettlement.com.  Please be patient.

### 7.   WHAT DO I GIVE UP BY STAYING IN THE SETTLEMENT?

By doing nothing and staying in the Settlement Classes, you will be giving up your right to object to the Settlement and you will not be able to be a part of any other lawsuit about the legal claims in this case.

<u>(b)(2) Settlement Class:</u>

**You cannot exclude yourself from the (b)(2) Settlement Class.**  If the proposed (b)(2) Settlement is finally approved by the Court, then you will be giving up the right to file a lawsuit against the Defendant for statutory or punitive money damages relating to any violation of FCRA § 1681g (and any FCRA State Equivalent) and all claims based upon or related to the content, form, manner, or nature of the consumer disclosures provided in response to a consumer's request for the contents of the consumer's file.  This means you cannot seek, or continue to seek, statutory or punitive damages based on any of the Defendant's alleged violations of the FCRA § 1681g (and any FCRA State Equivalent) or any claim based upon or related to the content, form, manner, or nature of the consumer disclosures provided in response to a consumer's request for the contents of the consumer's file.  You will be giving up all such claims, whether or not you know about them. However, the (b)(2) Settlement does not release any claims you may have for actual damages against the Defendant.

(b)(2) Settlement Class Members also waive their right to pursue, in the future, any claims, liabilities, proceedings, or relief against Defendant and the released parties using the class action procedural device, as a mass action, private attorney general action or through any other non-individual mechanism, to the extent the claim, liability, proceeding, or relief alleges a violation of 15 U.S.C. § 1681g (or any FCRA State Equivalent) or is based upon or related to the content, form, manner or nature of consumer disclosures provided to the Class Member in response to his or her request to Defendant for the contents of his or her file.

<u>(b)(3) Settlement Class:</u>

If you stay in the Settlement and do not exclude yourself from the (b)(3) Settlement Class, you cannot be part of any other lawsuit against the Defendant (or other parties released by the settlement) about the legal claims in this case. It also means that all of the Court's orders will apply to you and legally bind you. You will agree to a "Release of Claims," stated below, which describes exactly the legal claims that you may give up. Basically, you are releasing your right to sue for any violation of federal or state law based on the manner, form and content of Defendant's file disclosure, and any claims that the Defendant did not disclose to you the contents of your file.

The (b)(3) "Release" contained in the Settlement Agreement states:

> As of the Effective Date, all members of the Class fully, finally, completely, and forever release and discharged the Released Persons from any and all Claims, Liabilities, Proceedings and Relief that arose

on or before the Effective Date and that any Class Member had, now has, or may have in the future under 15 U.S.C. 1681g (and any FCRA State Equivalent) or is based upon or related to the content, form, manner or nature of the consumer disclosure provided to the Class Member in response to his or her request to EWS for the contents of his or her file.

The full release and list of released parties may be found at www.FileDisclosureFCRASettlement.com or by calling 1-888-964-1154 for assistance.

**If you decide to exclude yourself from the (b)(3) Settlement Class, you will still remain a member of the (b)(2) Settlement Class.**

The precise terms of the release and agreements are explained in the Settlement Agreement, which you can view on the Settlement website, www.FileDisclosureFCRASettlement.com.

The Court's decision in this case will apply to you even if you object to the (b)(2) Settlement or have any other claim, lawsuit, or proceeding pending against the Defendant or any of the Released Parties relating to the same claims.  If you have any questions about the release, then you should visit the Settlement website, www.FileDisclosureFCRASettlement.com, for more information or consult with a lawyer.  See Question 9. below for more information about seeking legal advice about the Settlement.

### 8.   HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

If you do not want to remain a member of the (b)(3) Settlement Class, but you want to maintain your right to sue or continue to sue the Defendant for actual damages on your own, you must take steps to exclude yourself from the (b)(3) Settlement Class. This is sometimes referred to as "opting out" of the Settlement Class. Opting out gives you the right to bring your own lawsuit but does not guarantee that your own lawsuit will be successful.

You may "opt out" or exclude yourself from the (b)(3) Settlement as explained below.

REQUESTS FOR EXCLUSION THAT ARE NOT POSTMARKED ON OR BEFORE **MAY 11, 2020** WILL NOT BE HONORED.

You cannot exclude yourself by telephone or by e-mail. You also cannot exclude yourself by mailing a request to any location other than that specified below or by mailing a request after the deadline. You also cannot exclude yourself as part of a group, aggregate, or class involving more than one consumer.

If you exclude yourself, you should promptly consult your own attorney about your rights as the time to file an individual lawsuit is limited.

To exclude yourself from the (b)(3) Settlement, you must complete the attached Exclusion Request, selecting "I am opting out" where indicated, or send a letter stating that you want to be excluded from the settlement of *Stewart v. Early Warning Services, LLC* Be sure to include: (1) the name of this lawsuit, *Stewart v. Early Warning Services, LLC*, Civil Action No. 2:18-cv-03277-CCC-SCM; (2) your full name, current address, and telephone number; (3) a statement of intention to exclude yourself from the settlement; and (4) your signature. You must mail your Exclusion Request so that it is postmarked no later than **May 11, 2020** to:

Exclusion Requests – Stewart v. Early Warning Services, LLC Settlement
c/o JND Legal Administration
PO Box 91365
Seattle, WA 98111

**You cannot exclude yourself from the (b)(2) Settlement.**  The proposed (b)(2) Settlement requires the Defendant to make substantial revisions to its business processes and implement procedures to ensure it changes its business practices to benefit all (b)(2) Class Members, equally.  As explained in Question 4, this type of benefit is injunctive.  Under this type of class action, you cannot exclude yourself from the (b)(2) Settlement Class or the (b)(2) Settlement.

### 9.   IF I DO NOT EXCLUDE MYSELF, CAN I SUE THE DEFENDANT FOR THE SAME THING LATER?

No. Unless you exclude yourself, you give up the right to sue the Defendant for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You may need to exclude yourself from *this* class action to continue your own lawsuit. Remember, your Exclusion Request must be postmarked by May 11 2020.

## 10. IF I EXCLUDE MYSELF, CAN I GET ANY MONETARY BENEFIT FROM THE SETTLEMENT?

No.

## 11. DO I HAVE A LAWYER IN THE CASE?

The Plaintiff retained **Gabriel Y. Posner of Posner Law PLLC**, 270 Madison Avenue, Suite 1203, New York, NY 10016 to represent her. In connection with the preliminary approval of the settlement, the Court appointed this attorney to represent you and other members of the (b)(2) and (b)(3) Settlement Classes. This attorney is called "**Class Counsel.**" This lawyer will not separately charge you for his work on the case. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 12. HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court for an award of attorneys' fees and costs and expenses incurred in this matter, which the Defendant has agreed to pay as part of the Settlement Fund, with Class Counsel requesting no more than $925,000. However, the Court may ultimately award less than this amount.  The attorneys representing the class have handled this case on a contingency basis. To date, they have not been paid anything for their work, and they have paid all of the litigation costs out-of-pocket, without any reimbursement. Class Counsel will be required to submit a fee request to the court demonstrating why the fee they are seeking is reasonable. This petition will be available on the Settlement Website no later than the business day after it is filed.

(b)(2) and (b)(3) Settlement Class Members do not have to pay any attorneys' fees in connection with the settlement.

## 13. IS THE PLAINTIFF ENTITLED TO A SEPARATE PAYMENT?

The Plaintiff found a lawyer to represent her and the (b)(2) and (b)(3) Settlement Classes, litigated this case, participated in discovery, and participated in settlement negotiations. As compensation for her work on behalf of the (b)(2) and (b)(3) Class Members, the Plaintiff will ask the Court to approve a payment to her of a total amount not to exceed $7,500.  The Court may ultimately award less than the requested amount.

## 14. HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?

You can object to either or both the (b)(2) Settlement or the (b)(3) Settlement, if you do not think any part of the settlement is fair, reasonable, or adequate. You can and should explain the detailed reasons why you think that the Court should not approve the settlement, if this is the case. The Court and Class Counsel will consider your views carefully. To object, you must send a letter stating that you object to the settlement in *Stewart v. Early Warning Services, LLC*. Be sure to include: (1) the name of this lawsuit, *Stewart v. Early Warning Services, LLC*, Civil Action No. 2:18-cv-03277-CCC-SCM; (2) your full name, current address, telephone number, and last four digits of your Social Security number; (3) a detailed explanation of the reasons you object to the settlement and any papers in support of your position; and (4) signed verification of membership in the Settlement Class. Mail the foregoing to these three different places postmarked by **May 11, 2020**:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>District of New Jersey<br>50 Walnut Street Room 4015<br>Newark, NJ 07101 | Gabriel Y. Posner<br>270 Madison Avenue<br>Suite 1203<br>New York, NY 10016 | Cindy D. Hanson<br>TROUTMAN SANDERS LLP<br>600 Peachtree St. NE<br>Suite 3000<br>Atlanta, GA 30308 |

There are additional requirements necessary for your attorney if you retain one. These are available as stated in the Settlement Agreement and Preliminary Approval Order.

## 15. WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is simply telling the Court that you do not like something about the settlement. You can object to the (b)(3) Settlement only if you remain in the (b)(3) Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the (b)(3) Settlement Class. If you exclude yourself, you have no basis to object to the (b)(3) Settlement because it no longer affects you.  However, even if you exclude yourself from the (b)(3) Settlement, you can still object to the (b)(2) Settlement.

## 16. WHEN AND WHERE WILL THE COURT DECIDE TO APPROVE THE SETTLEMENT?

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

The Court will hold a fairness hearing on **June 22, 2020** at **10:00AM** in Courtroom MLK 2B of the United States District Court for the District of New Jersey, 50 Walnut Street, Newark, NJ 07101. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have submitted timely requests to speak at the hearing. The Court may also decide the amount that Class Counsel and the Plaintiff will be paid. After the hearing, the Court will decide whether to finally approve the settlement.  The time, date, and location of the hearing may change without further notice to you.

## 17. DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer any questions the Court may have. You are welcome to come at your own expense if you so desire. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## 18. MAY I SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Stewart v. Early Warning Services, LLC.*" Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be sent to the Clerk of Court, Class Counsel, and Defense Counsel, at the three addresses previously provided in Section 14, and must be received by **May 11, 2020.** You cannot speak at the hearing if you have excluded yourself.

## 19. HOW DO I GET MORE INFORMATION?

You can visit the website at www.FileDisclosureFCRASettlement.com.  You may call the Settlement Administrator at 1-888-964-1154. Or you can write to the Settlement Administrator, Stewart v. Early Warning Services, LLC Settlement, c/o JND Legal Administration, PO Box 91365, Seattle, WA 98111. You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.njd.uscourts.gov/cgi-bin/ShowIndex.pl; or by visiting the office of the Clerk of the Court for the United States District Court for the District of New Jersey, 50 Walnut Street, Room 4015, Newark, NJ 07101, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT CALL THE COURT, THE CLERK, OR THE DEFENDANT
REGARDING THIS SETTLEMENT.**

**Exclusion Request –*Stewart* Settlement Administrator**
**Receive No Monetary Settlement Benefits**

**(If you choose this option, you will not receive a settlement check)**

To exclude yourself from the (b)(3) Settlement, you must complete the attached Exclusion Request, selecting "I am opting out" where indicated, or send a letter stating that you want to be excluded from the settlement of the *Stewart v. Early Warning Services, LLC* case. Be sure to include: (1) the name of this lawsuit, *Stewart v. Early Warning Services, LLC*, Civil Action No. 2:18-cv-03277-CCC-SCM; (2) your full name, current address, and telephone number; (3) a statement of intention to exclude yourself from the settlement; and (4) your signature.

You must mail your Exclusion Request so that it is postmarked no later than **May 11, 2020** to:

Exclusion Requests – Stewart v. Early Warning Services, LLC Settlement
c/o JND Legal Administration
PO Box 91365
Seattle, WA 98111

**Exclusion Request – *Stewart* Settlement Administrator**

FILL OUT AND RETURN THIS FORM **ONLY** IF YOU WISH TO EXCLUDE YOURSELF FROM THE SETTLEMENT. IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT, DO NOT RETURN THIS FORM.

☐  I am opting out of the settlement in *Stewart v. Early Warning Services, LLC*, Civil Action No. 2:18-cv-03277-CCC-SCM.

| | |
|---|---|
| Full Name: | |
| Current Address: | |
| | |
| | |
| Phone Number: | |

_____
Signature

# EXHIBIT C

*Shabani Stewart, et al. v. Early Warning Services, LLC*

United States District Court, District of New Jersey,
Civil Action No. 2:18-cv-03277-CCC-SCM

A class action lawsuit has settled, and we are sending this to you to explain how this settlement will affect you.

**Nature of this Action.** The Plaintiff alleges the Defendant ("EWS") violated the Fair Credit Reporting Act by failing to provide, upon a consumer's request, the complete contents of all information in the consumer's file at the time of such request. EWS denies any and all liability.

**Who is in the settlement?** The "(b)(2) Settlement" all natural persons residing in the United States who, from March 7, 2016 through February 21, 2020, requested from EWS the contents of their file maintained by EWS, where in response thereto, EWS provided to such consumer a "Summary File Disclosure." Excluded from the (b)(2) Settlement Class are individuals who have previously released his or her claims against EWS, who had a record of a match in the Internal Fraud Prevention Service and the Judge overseeing the Litigation.

*Shabani Stewart, et al. v.*
*Early Warning Services, LLC*
c/o JND Legal Administration
PO Box 91365
Seattle, WA 98111

<Name>

<Address1>
<Address2>
<City>, <State> <Zip>
<Country>

**What are the settlement terms?** EWS is changing its processes for providing file disclosures in response to consumer requests and will provide disclosures that include all information maintained in a consumer's file that is used in a product or service that is subject to the FCRA. In exchange, everyone in the settlement is releasing their right to bring a claim against EWS for statutory or punitive damages, or a class action claim, relating to any violation of FCRA § 1681g (and any FCRA State Equivalent) and all claims based upon or related to the content, form, manner, or nature of the consumer disclosures provided in response to a consumer's request for the contents of the consumer's file.

**Binding Effect.** If the Court approves the settlement, it will be binding on you.

**Your right to an Attorney.** If you would like, you are entitled to appear in this matter through your own attorney at your expense. The Court will hold a hearing to evaluate the settlement on **June 22, 2020**.

**Can you object to the settlement?** Yes. To object, you must send a letter stating that you object to the settlement in *Stewart v. Early Warning Services, LLC*. Be sure to include: (1) the name of this lawsuit, *Stewart v. Early Warning Services*, LLC, Civil Action No. 2:18-cv-03277-CCC-SCM; (2) your full name, current address, telephone number, and last four digits of your Social Security number; (3) a detailed explanation of the reasons you object to the settlement and any papers in support of your position; and (4) signed verification of membership in the Settlement Class. Mail your objection to all these three different places, postmarked by **May 11, 2020**:

| *THE COURT* | *CLASS COUNSEL* | *DEFENSE COUNSEL* |
|---|---|---|
| **Clerk of the Court** | **Gabriel Y. Posner** | **Cindy D. Hanson** |
| United States District Court | Posner Law PLLC | Troutman Sanders LLP |
| District of New Jersey | 270 Madison Ave., Ste. 1203 | 600 Peachtree St. NE, Ste. 3000 |
| 50 Walnut Street Room 4015 | New York, NY 10016 | Atlanta, GA 30308 |
| Newark, NJ 07101 | | |

**This is only a short form notice. For additional important information, including a long form notice, please visit www.FileDisclosureFCRASettlement.com. Additional information is also available by calling 1-888-964-1158.**

# EXHIBIT D

*Shabani Stewart, et al. v. Early Warning Services, LLC*

**Case No. 2:18-cv-03277**

**Opt-Outs Received**

|    | JND ID | Full Name | Status |
|----|--------|-----------|--------|
| 1  | 127497 | STANLEY ROSENZWEIG | VALID |
| 2  | 130664 | LATONYA GIBSON | VALID |
| 3  | 131680 | GREGORY STREET | VALID |
| 4  | 135338 | RAJINDER MANN | VALID |
| 5  | 137861 | TANISHA CANE | VALID |
| 6  | 140147 | RAMOND ROBINSON | VALID |
| 7  | 142225 | RY CHAM | VALID |
| 8  | 143941 | ABRAHAM KHOURI | VALID |
| 9  | 147365 | MATTHEW SOIFER | VALID |
| 10 | 149116 | JOSEPH GRANT | VALID |
| 11 | 151222 | JUWAN STEPHEN | VALID |
| 12 | 154740 | REYNALDO SALINAS | VALID |
| 13 | 154907 | EDUARDO GALINATO | VALID |
| 14 | 157450 | BENJAMIN NELLE | VALID |
| 15 | 157679 | DANISHA MACON | VALID |
| 16 | 158298 | RONALD PENN | VALID |
| 17 | 158373 | ESTEBAN ROLDAN BENITES | VALID |
| 18 | 158644 | DANIEL OGBONNA | VALID |
| 19 | 165419 | VIVITA LEJINA | VALID |
| 20 | 168212 | MERCURY ORPHY | VALID |
| 21 | 172385 | VALENTINO MORALES | VALID |
| 22 | 175610 | ADRIANE RESTO | VALID |
| 23 | 175746 | THOMAS LATKA | VALID |
| 24 | 176668 | DEBORAH LOCKETT | VALID |
| 25 | 179365 | PEDRO MARIA PEREZ | VALID |
| 26 | 138684 | ALNEESAH PORTER | INVALID |
| 27 | 151899 | JOSE ROMERO | INVALID |
| 28 | 156870 | DAVID SIMILIEN | INVALID |
| 29 | 26646  | JOHN DILLON | INVALID |
| 30 | 113256 | KAYLA DILLON | INVALID |
| 31 | 110998 | EAPHIE GEISSEL | INVALID |